**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | |
|---|---|
| _____ )<br>Cathie Jung, an individual  )<br>Plaintiff.  )<br>v.  )<br>CATHIEJUNG.COM, an Internet Domain Name  )<br>Defendant.  )<br>_____) | CIVIL ACTION NO.  1:09 cv 500<br>AJT/JFA |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

This submission is in response to the Court's Order to show cause why this Complaint should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Plaintiff Cathie Jung, an individual, ("Plaintiff"), through counsel, filed the *in rem* complaint in this action to request the transfer of the domain name CATHIEJUNG.COM from the registrant of the domain name.  Plaintiff respectfully requests that this Complaint not be dismissed in this matter.  This response will initially enumerate several reasons that Plaintiff suggests that the advantages of the continuation of the proceeding will outweigh any advantages of the dismissal of this proceeding.  After the enumeration of these advantages of the continuation of this proceeding, this response will then describe the reasons that there has been a passage of time for good cause subsequent to the filing of this proceeding.

I.      **The Advantages of the Continuation Outweigh the Advantages of Dismissal**

A.  **A Dismissal Would Result In Additional Burden On The Court.**

It is respectfully requested that the Complaint should not be dismissed because a dismissal would result in additional burden on the court.  If the Court dismisses this case, the case will likely be refiled by Plaintiff, thereby creating an additional case before this Court with additional processing requirements and additional paperwork.  If this proceeding is not dismissed and is permitted to be continued, it is expected that this case will be concluded in a few weeks.  It is expected that the case will be concluded in a few weeks because (1) Plaintiff has submitted evidence that the registrant of the domain name has received actual notice of the filing of the Complaint.  After numerous attempts to contact and provide actual notice to the registrant of the domain name, the Plaintiff has obtained the signature of the registrant on the delivery verification document of United Parcel Service.  This evidence has been presented to the Magistrate Judge in this proceeding in a Motion dated November 6, 2009 in which the Plaintiff requested that the court waive the publication requirement of the Anticybersquatting Consumer Protection Act (since there is evidence of actual notification).  There was an initial hearing on this matter before the Magistrate Judge on November 13, 2009.  The Magistrate Judge indicated that the Motion would be taken under advisement pending this Court's determination of whether this proceeding will be dismissed.   If this proceeding is not dismissed, it is anticipated that the Magistrate Judge will either (1) waive publication or (2) order publication.  The next event in this proceeding is then expected to be that a summary judgment will be ordered since (1) Plaintiff has substantial evidence that the registrant has, in fact, received actual notice of the proceeding and (2) the registrant has not appeared, filed an answer or engaged in any communication with Plaintiff or Plaintiff's counsel (in spite of

numerous attempts of Plaintiff's counsel to communicate with the registrant).  Consequently, it is anticipated that this proceeding will be concluded in a few weeks if this action is not dismissed.

**B.  A Dismissal Would Delay the Plaintiff's Recovery of the Domain Name**

The Complaint should not be dismissed because a dismissal would delay the Plaintiff's recovery of the domain name to which Plaintiff is undoubtedly entitled – since the domain name consists of the exact name of Plaintiff.  A dismissal would result in the likely refiling of the Complaint which would require additional time before the Plaintiff will be able to recover the domain name.

**C.  No Prejudice of the Rights of the Registrant of the Defendant Domain Name**

The Complaint should not be dismissed because the passage of time has not prejudiced or adversely affected the registrant of the domain name.  The registrant has apparently continued to earn money from the continued usage of the domain name.  None of the legal rights of registrant will be lost, prejudiced or disadvantaged. There will not be any disadvantage or prejudice to registrant if this proceeding is not dismissed.

**D.  The Passage Of Time Has Been The Result Of Good Intentions Of Plaintiff.**

The Complaint should not be dismissed because the passage of time has not been the result of the Plaintiff's attempt to delay this proceeding to the disadvantage of the registrant or to the advantage of the Plaintiff.  It is respectfully suggested that Plaintiff not be disadvantaged and that the rights of the Plaintiff should not be prejudiced or advantageously affected because

of this passage of time.  The good faith intentions of the Plaintiff and the specific reasons for the passage of time are described in the next section of this response.

## II.      Reasons for the Passage of Time

The reasons that there has been a passage of time between the filing of the Complaint and the Order to Show Cause are as follows:

### A.      Negotiation of a Settlement to Avoid Costs of Litigation

Prior to the initiation of this Complaint Plaintiff had, for a period of time, engaged in ongoing communications with the registrant of the domain name in an attempt to persuade the registrant to voluntarily transfer the domain name to Plaintiff or to enter into some type of mutually-agreeable settlement agreement with respect to the registration and/or usage of the domain name.  Unfortunately, prior to the initiation of this proceeding the registrant of the domain name discontinued the communications.  Since the domain name CATHIEJUNG.COM  consists of the exact name of Plaintiff and the exact name by which she has been known and with which she has obtained fame and recognition, Plaintiff believed that she would undoubtedly be successful in a legal action to obtain the domain name.  However, it was hoped that a mutually-agreeable settlement could be achieved which would avoid the costs of an extended legal action.

### B.  Negotiation of a Settlement to Avoid Possible Ill-Will and Possible Adverse Publicity

An additional reason that there has been a passage of time is that Plaintiff has hoped that a mutually-agreeable settlement could be achieved in lieu of the Plaintiff's "forceful" and unilateral acquisition of the domain name by the use of the legal system.  Because the Plaintiff

is a celebrity, Plaintiff must necessarily be constantly concerned about the publicity that may result from her actions.  Accordingly, Plaintiff would prefer to settle this matter with a mutually-agreeable settlement agreement containing a non-disparagement provision – rather than a "forceful" legal action which the registrant (or others) would be able to publicize in an unfavorable context.

## C.  Negotiation of a Settlement to Avoid Possible Retaliation And Reprisals

Since the registrant could be angered and/or irrationally incensed by a "forceful" taking of the domain name by the use of the legal system, Plaintiff preferred to pursue a course of action that would be less likely to incite an irrational or unbalanced response by registrant. Since anonymous attacks on websites and/or attacks on internet interface equipment can be illegally conducted on the Internet, Plaintiff has preferred to attempt to enter into a mutually-agreeable settlement agreement rather than to obtain the domain name by the use of the legal system.  Since the registrant of the domain name is apparently of a criminal mindset, it is desirable for the Plaintiff to avoid possible reprisals, threats or illegal activities.

## D.    Attempts to Obtain Communication to Prove Actual Notice

An additional reason for the passage of time subsequent to the initiation of the lawsuit has been that Plaintiff has been attempting to obtain sufficient evidence to persuade the Court that there has been actual notice of the legal proceeding.  Plaintiff has hoped that there could be a waiver of the requirement of publication.  In order for this Court to issue an order for the waiver of publication, this Court is expected to require adequate proof that the registrant of the domain name has been provided with actual notice of the lawsuit.  Accordingly, subsequent to the initiation of the lawsuit Plaintiff's counsel has made numerous attempts to obtain some type

of response from the registrant and/or some type of acknowledgement that would provide solid proof that the registrant has, in fact, received actual notice of the lawsuit.  The rationale for the Plaintiff's attempt to obtain a communication from the registrant is that in previous similar cases before this Court, the plaintiffs have presented proof of actual communication from each registrant.  A review of previous *in rem* cases before this Court did not result in the discovery of any cases in which the evidence of "actual notice" did not include proof of a communication from the registrant of the domain name, i.e. a response, an acknowledgment or another type of communication from the registrant that proved to the court that there had been actual notice provided to the registrant.  Consequently, the Plaintiff devoted considerable time in an attempt to obtain a communication from the registrant in order to increase the likelihood that this Court would waive the requirement of publication in this proceeding.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectively requests that the Court not dismiss the Complaint in this proceeding.

Respectfully Submitted                                    November 26, 2009

_____/s/_____

Stephen H. Sturgeon, Jr. Esq.
Virginia Bar Number 46142
Attorney for Cathie Jung, Plaintiff
Stephen H. Sturgeon, Attorney-at-Law
11116 Hurdle Hill Drive
Potomac, Maryland 20854
301 983 6111
202 595 7806 (fax)
shs@sturgeonfirm.com